THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAYCONIA BROWN, Defendant-Appellant.

Second District   Nos. 82—468, 83—331 cons.

Opinion filed February 7, 1984.

G. Joseph Weller, John J. Barrett, and Jan K. Dargel, all of State Appellate Defender's Office, of Elgin, for appellant.

Fred Foreman, State's Attorney, of Waukegan (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Following a jury trial *in absentia* the defendant, Layconia Brown, was convicted of the offense of residential burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—3) and sentenced to eight years' imprisonment. The judgment of conviction and sentence was entered on May 18, 1982. Defendant's appointed counsel, still in the absence of the defendant, caused a notice of appeal of the conviction and sentence to be filed by the circuit clerk on June 8, 1982.

Defendant was arrested on an outstanding warrant and on September 29, 1982, appeared before a motion judge in the temporary absence of the trial judge, without counsel. He was remanded to the Department of Corrections immediately pursuant to the original judgment order entered on May 18, 1982. A transcript of the hearing before the motion judge indicates only that the defendant appeared incredulous that the trial and sentence had occurred during his absence. Defendant's appointed counsel appeared before the trial judge on October 26, 1982, without the defendant, who was in the Department of Corrections, and moved for a hearing pursuant to section 115—4.1(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(e)). The trial judge agreed that the defendant would be entitled to a hearing but concluded that he had lost jurisdiction to conduct any further proceedings following the notice of appeal which had earlier been filed. He suggested that "a simple mo-

tion before the appellate court would bring it back to me."

On April 29, 1983, defendant filed a notice of appeal characterized as "Late" from the May 18, 1982, sentence on conviction and the October 26, 1982, denial of the defendant's request for a hearing pursuant to section 115—4.1(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(e)). We permitted the filing of the second notice of appeal and consolidated the proceedings. No claim of error on the merits has been argued in the briefs with respect to the trial proceeding.

Section 115—4.1(e) of the Code of Criminal Procedure of 1963 provides:

> "When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he *must* be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing *must* be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." (Emphasis added.)

The statute contemplates, as the State concedes, that a conviction and sentence for one tried *in absentia* is not final and appealable until the defendant has returned and a ruling is made on any claim that the absence was not wilful. In addition to the above quoted provision of subsection (e), subsection (g) states:

> "A defendant whose motion under paragraph (e) for a new trial or new sentencing hearing has been denied may file a notice of appeal therefrom. Such notice may also include a request for review of the judgment and sentence not vacated by the trial court." (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(g).)

■ We agree that the first notice of appeal was premature in that the judgment of conviction and sentence of the defendant *in absentia* did not amount to a final and appealable order. This appears clear from the quoted subsections of the statute, and it is also consistent with the provisions of Supreme Court Rule 605 (87 Ill. 2d R. 605), which contemplates that the defendant will be personally advised of his right to appeal, thus presupposing his presence.

We cannot agree with the State's argument that defendant is not now entitled to a section 115—4.1(e) hearing because of what it claims to be overwhelming evidence at the hearing conducted in defendant's absence prior to trial. These subsections, in substance, provide that

where a defendant fails to appear for trial after arraignment and after the State has affirmatively proved through substantial evidence that the defendant is wilfully avoiding trial, the court may commence the trial in defendant's absence to final conclusion. Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a), (b).

Subsection (e) clearly requires that where a defendant who has been either convicted or sentenced or both appears before the court he "must" be granted a new trial or a new sentencing hearing if "the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control." A hearing on the defendant's request "must" be held. "Must" is generally regarded as mandatory language. (See *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21.) Where the word is employed with reference to a right or benefit which depends upon giving a mandatory meaning to the word it cannot be given a permissive meaning. (71 Ill. 2d 13, 21.) The statute further provides that at the hearing both the defendant and the State may present evidence. Defendant has never personally participated in a hearing to present his version of why he was absent, or to assist in cross-examination of State witnesses. We believe that he is entitled to do so.

The State argues without citation of authority that defendant should be estopped because his counsel filed a premature notice of appeal and was responsible for removing the case from the jurisdiction of the trial court, further compounding this by not heeding a suggestion by the trial judge that he secure an order from this court remanding the cause to the trial court for the hearing. We conclude, however, that these failures were not binding on the defendant, who did not authorize the premature notice of appeal.

We will comment briefly on the so-called "jurisdictional" questions. In form, the notice of appeal filed on June 8, 1982, signed by the clerk of Lake County purports to be an appeal from a judgment of conviction and sentence. This court was invested with appellate jurisdiction upon the filing of the notice of appeal. (87 Ill. 2d R. 606(a).) We could not be aware unless so advised by one of the parties that the appeal, purportedly on the merits of the judgment of conviction and sentence, was not final and appealable because it followed a trial *in absentia*. We think that primarily defendant's counsel and secondarily the State's counsel should have so advised us so that we would have known initially that the appeal was from a nonfinal order. Once our jurisdiction had been invoked and before we were called upon to decide whether or not the order was final and appealable the trial judge was not in any way at fault in concluding that he should not

proceed. The dilemma and the consequent waste of judicial time could have been avoided if we had been properly advised. Nevertheless, the defendant may not be deprived of a statutorily mandated hearing in these circumstances.

We therefore remand the cause to the trial court with directions to conduct a hearing under section 115—4.1(e) of the Code of Criminal Procedure. If at such hearing the defendant does not establish that his failure to appear for trial was both without his fault and due to circumstances beyond his control, the judgments of conviction and sentence shall stand. Any subsequent appeal from the order entered as a result of the mandated hearing can only relate to that hearing, since the merits of the judgment and conviction, although on appeal, have not been supported with any brief or argument.

Remanded with directions.

LINDBERG and REINHARD, JJ., concur.