# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Cobian*, 2012 IL App (1st) 980535

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ISRAEL SANDOVAL COBIAN, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-98-0535 |
| Filed | August 27, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction *in absentia* for first degree murder was upheld where the admonishments he received about a trial *in absentia* were sufficient to allow such a proceeding, but the denial of his motion for a new trial was vacated and the cause was remanded for an evidentiary hearing on that motion to determine whether his absence was not his fault and was due to circumstances beyond his control. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 96-CR-28407; the Hon. James B. Linn, Judge, presiding. |
| Judgment | Affirmed in part, vacated in part, and remanded with directions. |

Counsel on Appeal

Michael J. Pelletier and Peter Sgro, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Anthony M. O'Brien, and Matthew Connors, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.

Justices Hall and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Israel Cobian, appeals from his jury trial conviction and subsequent sentence for first-degree murder. On appeal, he argues that his conviction should be reversed because (1) the trial court erred in trying him *in absentia* without proper admonishments; (2) the trial court failed to inquire into a possible conflict between him and his counsel; and (3) his counsel rendered ineffective assistance by failing to file a motion for a new trial on the basis that the defendant's absence from trial was not his fault. For the reasons that follow, we affirm the defendant's original conviction. However, we conclude that the defendant presented a request for a new trial and that the circuit court failed to hold a statutorily required hearing on the request. We therefore vacate the circuit court's rejection of his request for a new trial and remand with instructions that the circuit court conduct a hearing on that issue.

¶ 2    On October 28, 1996, the defendant and two other men were arraigned in case number 96-26150. The underlying indictments do not appear in the record on appeal. The men waived formal reading of the charges, which were described in open court as "first degree murder, et cetera." During the arraignment, the trial court judge stated, "Gentlemen, I want to advise each of you if at some future date you fail to appear here we can go ahead without you. You'd be giving up your right to confront the witnesses against you. Do you understand that?" The transcript states that all three defendants indicated that they understood. The trial judge later noted his understanding that a fourth defendant had been charged in the case and that a new indictment would be returned on November 6. The record on appeal includes that new indictment, which charged the defendant and three others with first-degree murder in case number 96-28407. The new indictment was tendered to the defense in open court on November 6, but the transcript of that proceeding does not indicate that any new admonishments were given to the defendant.

¶ 3    Although the defendant made court appearances before his trial began, he did not appear at the time of his trial. After a hearing to determine whether the defendant's absence was

willful, the trial court allowed the defendant's trial to proceed without him. At the trial, the evidence showed generally that the defendant helped a cohort obtain a gun that was used in a gang-motivated murder. After the defendant was found guilty *in absentia*, he was sentenced to 50 years' imprisonment. A notice of appeal was filed in the case, but the appeal was dismissed in 1999.

¶ 4 In 2004, the defendant appeared in court. At an initial appearance, the following exchange took place between the defendant and the trial court:

"THE COURT: You have a lawyer to help you with this?

THE DEFENDANT: I had.

THE COURT: Who was it?

THE DEFENDANT: Jack Rodgon. [Rodgon was the attorney who represented the defendant during his trial *in absentia*.]

THE COURT: Jack Rodgon?

THE DEFENDANT: Yes. Your Honor, I probably need another one, if I can get an appeal or something.

THE COURT: What happened?

THE DEFENDANT: He told me to leave.

THE COURT: You are kidding. He's got a marijuana case, too, I believe.

This is what I am going to do. Warrants are executed. This man was tried and sentence[d] *in absentia* as to this marijuana case and you are unadjudicated. He was arraigned."

The court then continued the case so that Rodgon could appear on the defendant's behalf.

¶ 5 At a January 2005 hearing, the trial court noted that the defendant had filed a "motion for new trial," and his attorney responded that the defense was "alleging a failure to inform of trial *in absentia*" and had gotten "some of the transcripts." The cause was thereafter continued. At a March 2005 hearing, Rodgon noted that he had filed a motion for a new trial based on "[n]o warnings," and the cause was again continued. No motion for a new trial appears in the record on appeal.

¶ 6 At the September 2005 hearing on the defendant's motion for a new trial, the parties disputed whether the defendant's trial *in absentia* admonishments were sufficient, both because the admonishments the defendant received were incomplete and because he did not receive admonishments after he was reindicted. During argument, Rodgon mentioned that the defendant was not present at trial, and the following exchange ensued:

"THE COURT: Why?

MR. RODGON: Because he wasn't–

THE DEFENDANT: I was running for my life.

MR. RODGON: If you want to inquire as to that–

THE COURT: I'm asking you. You're asking for an extraordinary remedy here–

MR. RODGON: No, I'm not. I'm asking you to follow the law.

THE COURT: And that would involve what I would consider to be an extraordinary remedy. *** It's a person that was tried *in absentia*, found guilty of first degree murder, found some years later after he was sentenced *in absentia*, and now he wants a new trial because it's somebody's fault other than his own why he wasn't there."

At that point, defense counsel explained the defendant's claim that he was "running for [his] life":

"[The defendant] was a State's witness involving a murder case. ***

Subsequent to his testimony, he goes on trial in this case. *** [T]here were death threats floating around all over."

¶ 7     When the defendant interjected to plead for a chance to present his case to the judge, the colloquy continued as follows:

"THE COURT: You had a chance to be in front of not only a judge but a jury.

THE DEFENDANT: I didn't get the chance to choose. I left. I recognize that.

THE COURT: You took off on your own, right?

THE DEFENDANT: Because I told you, I feared for my life. They killed my girlfriend. Someone killed my girlfriend a block away from my house–

THE COURT: You purposely didn't come to court, is that what you're telling me? Now you're caught here and you have a jail sentence and now you want to go [to] trial again and you purposely didn't come to court, is that what you're telling me, sir?

MR. RODGON: I would say that he was afraid–

THE COURT: Is that what you're saying? You purposely didn't–

THE DEFENDANT: I told you I feared for my life, your Honor.

THE COURT: So you didn't come to court. You went somewhere else.

THE DEFENDANT: I thought–

THE COURT: Where did you go?

THE DEFENDANT: I thought–

THE COURT: Where did you go?

THE DEFENDANT: I thought that after the trial, you know, what really happened would come to float–

THE COURT: Where did you go? Where did you go?

THE DEFENDANT: People, you know–

THE COURT: Where did you go?

MR. RODGON: Judge, is it fair for you to question him?

THE COURT: He started the colloquy. I will respect your position. I will not talk to him.

MR. RODGON: Whatever he says will not be real helpful–

THE COURT: Here is what happened. A person is under indictment. He is on bond for murder. He is admonished about trial *in absentia*. Whatever reasons, he makes his

-4-

own judgment to not appear at his trial, gets convicted in his absence. He was well represented by more than competent counsel ***. ***

I don't find that now because after things didn't work out on his trial *in absentia* and he gets caught later by the police, not that he ever surrendered himself, he wants a new trial–"

¶ 8 Based on this reasoning, the trial court denied the defendant's motion for a new trial. The trial court, however, stated that it would consider granting the defendant a new sentencing hearing. In so stating, the court explained that "even though it was all his fault what happened here," the court would consider a new hearing "based on the interest of justice." At a later status hearing, the trial court instructed defense counsel to file a motion for a new sentencing hearing; the court said that it would "strongly consider" the motion and reiterated that it was concerned about "the total interest of justice." At a hearing the next day, the State objected that the defendant should not receive a new sentencing hearing unless he could first demonstrate that his failure to appear was not his fault and that his failure to appear was caused by factors beyond his control. The court responded that it would conduct a hearing to consider the defendant's evidence in mitigation and then "determine in the interest of justice [whether] he's entitled to relief or not." The cause thereafter proceeded to a new sentencing hearing.

¶ 9 During the new sentencing hearing, the defendant testified that he went to Mexico for seven years following his murder conviction and had been in the United States for eight months until he was arrested and returned to Illinois. At the end of the hearing, the trial court sentenced the defendant to 48 years' imprisonment.

¶ 10 In September 2009, our supreme court issued a supervisory order directing us to allow the defendant to reinstate the direct appeal that was dismissed in 1999. The supreme court stated that the defendant's reinstated appeal could challenge his new sentence as well as his 1998 conviction. We understand this to allow our review of all of the proceedings below, including the trial court's ruling on the defendant's request for a new trial, and we now undertake that review.

¶ 11 The defendant's first argument on appeal is that the trial court erred in trying him *in absentia* in 1998, because he did not receive proper admonishments. A criminal defendant has a constitutional right to be present at all stages of trial and to confront the witnesses against him. *People v. Smith*, 188 Ill. 2d 335, 340 (1999) (citing U.S. Const., amend. VI, and Ill. Const. 1970, art. I, § 8). Although a defendant's voluntary absence from trial may be construed as a waiver of those rights, Illinois law requires that a defendant be admonished of this consequence. *People v. Phillips*, 242 Ill. 2d 189, 194-95 (2011). The required admonishments are contained in section 113-4(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-4(e) (West 1998)), which provides as follows:

"If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence."

¶ 12    The defendant argues that his admonishments were insufficient for two reasons. First, the defendant asserts that the admonishments given to him were incomplete. However, only substantial compliance with section 113-4(e) of the Code is required to allow a trial *in absentia*. *People v. Liss*, 2012 IL App (2d) 101191, ¶ 17. The defendant agrees that the question of whether a set of admonishments satisfies the Code is an issue of law, to be reviewed *de novo*. *Cf. Phillips*, 242 Ill. 2d at 194 (question of whether a defendant waived his admonishment rights was an issue of law to be reviewed *de novo*).

¶ 13    In arguing that his admonishments were incomplete, the defendant notes that section 113-4(e) states that a defendant should be advised both that "his failure to appear would constitute a waiver of his right to confront the witnesses against him" and that "trial could proceed in his absence." He then observes that the admonishment here stated only that, "if at some future date you fail to appear here we can go ahead without you" and "[y]ou'd be giving up your right to confront the witnesses against you." Based on this, the defendant argues that his admonishments were incomplete because they mentioned only his right to confront witnesses and did not specifically state that "trial" could go forward in his absence. We disagree with the defendant's position that the admonishments did not advise him of the possibility of trial going forward without him. Although the admonishing judge did not use the word "trial," he did say, "we can go ahead without you." In the context of a pretrial hearing, these words are nothing if not a reference to a trial.

¶ 14    The second reason the defendant argues that his admonishments were insufficient is that they took place during his arraignment on a previous indictment, which was later superceded by an indictment charging the same crime but adding a new codefendant. According to the defendant, section 113-4(e) requires that he be admonished at an arraignment or later proceeding on the indictment at issue. On this point, we find guidance in *People v. Lawton*, 253 Ill. App. 3d 144 (1993), a decision the State cited to the trial court and cites to us. In *Lawton*, the defendant received admonishments the day after his arrest, but those charges were nol-prossed. *Lawton*, 253 Ill. App. 3d at 149. The charges were later reinstated, but the defendant was not admonished again. See *Lawton*, 253 Ill. App. 3d at 149. We nonetheless rejected the defendant's argument that he should receive a new trial based on the lack of admonishment. We reasoned first that the defendant had in fact been present at his trial, so that "the unfairness [section 113-4(e)] was designed to prevent did not occur." *Lawton*, 253 Ill. App. 3d at 149. We then addressed another decision, *People v. Thomas*, 216 Ill. App. 3d 405 (1991), a case in which the defendant's sentence, imposed *in absentia*, was vacated because he received no admonishments. We distinguished *Thomas* on the ground that, in *Lawton*, "the court warned the defendants that they would waive their rights if they did not appear." *Lawton*, 253 Ill. App. 3d at 149. "Furthermore," we reiterated, "the defendant was present for his entire trial and sentencing hearing." *Lawton*, 253 Ill. App. 3d at 149.

¶ 15    The defendant asks that we limit *Lawton* to the proposition that a defendant is not prejudiced by failed admonishments where he actually attends his trial. We agree with the defendant that this lack of prejudice seems to have been the primary reason for *Lawton*'s rejection of that defendant's admonishment argument. However, *Lawton* also relied on the idea that its defendants had, in fact, received a warning. The same is true here. Regardless of whether the defendant received a warning specifically tied to the indictment that underlay

his conviction, he did receive a warning that he could be tried *in absentia* for exactly the same criminal conduct. That is all that is required to meet the purpose of the admonishment statute. As *Lawton* explained, section 113-4(e) is designed to ensure that a defendant is informed of the consequences of his failure to appear, so that a trial *in absentia* will not be held unless the defendant validly waives his rights. *Lawton*, 253 Ill. App. 3d at 149. The defendant here was advised of the consequences of his failure to appear in proceedings related to the killing for which he was convicted. We think this sufficient to validate his waiver and legitimize the trial that was held in his absence. As a result, we reject the defendant's argument that he did not receive the admonishments necessary for his trial to proceed in his absence.

¶ 16    The defendant's second argument on appeal is that this case should be remanded for further proceedings because the trial court failed to inquire into a possible conflict of interest between him and his counsel. According to the defendant, a possible conflict arose when the defendant first reappeared before the court and stated that he might need a new attorney because Rodgon, the attorney who represented him originally, "told [him] to leave." In the defendant's view, this statement raised the possibility that he would seek to excuse his absence from trial by arguing that it was caused by Rodgon's poor advice, and Rodgon could not present that argument himself without a conflict. However, the defendant's own statements at later hearings belie this argument. At a later proceeding, the trial court questioned the defendant directly regarding his absence from trial, and the defendant attributed his absence exclusively to his fear of death threats. Further, when the trial court asked the defendant whether he left "on his own," the defendant tacitly accepted the trial court's premise, and responded, "[b]ecause *** I feared for my life." These statements directly contradict the defendant's earlier claim that he left on advice of counsel. Because the defendant personally disavowed his claim that his absence was attributable to bad advice from Rodgon, we cannot now accept his position that a conflict prevented Rodgon from presenting that claim.

¶ 17    The defendant's final argument on appeal is that his counsel was ineffective for failing to file a motion for a new trial pursuant to section 115-4.1(e) of the Code (725 ILCS 5/115-4.1(e) (West 2004)), which allows a defendant to obtain a new trial or sentencing hearing if he can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. "[A]n accused is entitled to capable legal representation at trial." *People v. Wiley*, 165 Ill. 2d 259, 284 (1995). Under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant alleging ineffective assistance of counsel will prevail only where he is able to show that (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Albanese*, 104 Ill. 2d 504, 525 (1984) (adopting *Strickland*).

¶ 18    According to the defendant, although Rodgon filed a motion for a new trial, he based his motion entirely on an insufficient admonishment argument and failed to raise any section 115-4.1(e) argument. The defendant contends that this omission prejudiced him, because it prevented him from presenting his explanation that he missed his trial in order to evade death threats. We disagree.

¶ 19     On the first *Strickland* prong, we note that the actual motion for a new trial does not appear in the record on appeal. Without seeing the motion filed on the defendant's behalf, we have difficulty agreeing with the defendant that the motion demonstrates his counsel's ineffectiveness. In any event, on the second *Strickland* prong, even if we were to assume that counsel failed to press this argument, and even if we were to assume further that counsel's failure constituted substandard performance, we see no reasonable probability that the error changed the result of proceedings below. As the State points out in its brief, the defendant argued at some length in open court that his absence was not his fault but rather was caused by his fleeing from death threats he had received. Thus, regardless of what Rodgon included in his written motion, the defendant's excuse was presented to the trial court. Even after hearing that excuse, the trial court concluded that the defendant's absence was his fault, and it refused to grant him a new trial. As a result, any substandard representation by Rodgon did not change the result below, and we reject the defendant's argument to the contrary. Because the defendant cannot meet both prongs of the *Strickland* test, his ineffective-assistance-of-counsel argument fails.

¶ 20     As an adjunct to his ineffective-assistance argument, the defendant also asserts that he was entitled to an evidentiary hearing on his claim that his absence was precipitated by factors outside his control, namely, his compulsion to flee from death threats. To support his position that he is entitled to an evidentiary hearing to determine if a new trial is warranted under section 115-4.1(e) of the Code, the defendant cites *People v. Brown*, 121 Ill. App. 3d 776 (1984) (abrogated on other grounds in *People v. Partee*, 125 Ill. 2d 24 (1988)). In *Brown*, the defendant was tried and convicted *in absentia*, and a timely appeal was filed on his behalf. *Brown*, 121 Ill. App. 3d at 777. Later that same year, the defendant was apprehended and taken to court, where his counsel filed a section 115-4.1 request for a new trial. *Brown*, 121 Ill. App. 3d at 777. The trial judge stated that the defendant was entitled to an evidentiary hearing, but the judge concluded that he had lost jurisdiction over the case when the previous notice of appeal was filed. *Brown*, 121 Ill. App. 3d at 777-78. The defendant filed a second notice of appeal from that judgment. *Brown*, 121 Ill. App. 3d at 778. After disposing of the jurisdictional question using reasoning that was later overruled (see *Partee*, 125 Ill. 2d 24), the *Brown* court rejected the State's argument that, because there was overwhelming evidence of the defendant's wilful absence presented before trial, he should not receive a hearing. *Brown*, 121 Ill. App. 3d at 778-79. The court reasoned that "[s]ubsection (e) clearly requires that where a defendant *** appears before the court he 'must' be granted" relief if he can establish a valid excuse. *Brown*, 121 Ill. App. 3d at 779. "A hearing on the defendant's request 'must' be held." *Brown*, 121 Ill. App. 3d at 779. The court concluded, "[d]efendant has never personally participated in a hearing to present his version of why he was absent," and "he is entitled to do so." *Brown*, 121 Ill. App. 3d at 779.

¶ 21     In its brief on appeal, the State does not ask that we depart from *Brown*, nor does it contend that a defendant is not entitled to an evidentiary hearing on a section 115-4.1(e) request, so that the defendant and the State may present evidence regarding whether the defendant's absence was his fault or was the result of circumstances beyond his control. Instead, the State asserts that the defendant's excuse was a "non-starter," and for support it cites to two decisions in which we affirmed circuit court findings that similar excuses were

insufficient. See *People v. Reyna*, 289 Ill. App. 3d 835, 838 (1997); *People v. Devoe*, 163 Ill. App. 3d 855, 858 (1987). In his reply brief, however, the defendant accurately identifies the problem with the State's authority. In both of these cases, the defendant observes, the defendant had a hearing on his claim before the circuit court rejected it. Here, the defendant has had no hearing. Without such a hearing, which under *Brown* is statutorily required, we cannot uphold the circuit court's finding. Because the circuit court rejected the defendant's request for a new trial without providing him an evidentiary hearing, we must vacate the circuit court's ruling on that point and remand with instructions that the defendant be granted an evidentiary hearing.

¶ 22 For the foregoing reasons, we affirm the defendant's conviction *in absentia*, but we vacate the circuit court's rejection of his section 115-4.1(e) motion for a new trial. We remand the cause with instructions that the court conduct an evidentiary hearing on the defendant's section 115-4.1(e) motion to determine whether his absence both was not his fault and was the result of circumstances beyond his control.

¶ 23 Affirmed in part, vacated in part, and remanded with directions.