# Illinois Official Reports

## Appellate Court

---

### *People v. Pettigrew*, 2018 IL App (4th) 170808

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARETHA L. PETTIGREW, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-17-0808 |
| Filed | August 31, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 01-CF-1575; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd, Jacqueline L. Bullard, and Sheril J. Varughese, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Erin Wilson Laegeler, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Presiding Justice Harris and Justice Cavanagh concurred in the judgment and opinion. |

**OPINION**

¶ 1 In October 2002, the trial court sentenced defendant, Aretha Pettigrew, *in absentia*. In September 2017, after being arrested, defendant filed a *pro se* motion for a good cause hearing. 725 ILCS 5/115-4.1(e) (West 2016). The court denied the motion without an evidentiary hearing. Defendant appeals, arguing that the trial court erred in denying her motion without first conducting an evidentiary hearing. We agree and vacate the order denying defendant's motion and remand with directions.

¶ 2                                        I. BACKGROUND
¶ 3                                        A. The Sentence

¶ 4 In February 2002, defendant pleaded guilty to unlawful possession of a controlled substance. 720 ILCS 570/401(c)(2) (West 2000). The trial court sentenced defendant to 24 months of probation. In August 2002, the State filed a petition to revoke her probation. Defendant admitted to the allegations in the petition to revoke.

¶ 5 In October 2002, the trial court conducted a sentencing hearing at which defendant was not present. Apparently, while on bond, defendant fled to Mississippi. The court sentenced defendant, *in absentia*, to an extended term of six years in prison.

¶ 6                          B. The Relevant Procedural History
¶ 7 In March 2017, defendant was arrested while she was in Champaign County, Illinois. Later that month, defendant filed a *pro se* notice of appeal. In August 2017, this court granted defendant's motion to dismiss appeal. *People v. Pettigrew*, No. 4-17-0450 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8 In September 2017, defendant filed a *pro se* motion for a good cause hearing. 725 ILCS 5/115-4.1(e) (West 2016). In the petition, defendant alleged that while she was on bond, she was raped. She claimed that she fled to Mississippi because she "feared for her life." She claimed that she had lived a "law[-]abiding" life during her 14 years in Mississippi and that she was arrested in Illinois when she went to visit her dying mother.

¶ 9 In October 2017, the trial court denied defendant's motion without an explanation for its ruling. The court did not conduct an evidentiary hearing on whether defendant could establish a valid excuse for her absence.

¶ 10 This appeal followed.

¶ 11                                        II. ANALYSIS
¶ 12 Defendant appeals, arguing that the trial court erred in denying her motion without first conducting an evidentiary hearing. We agree.

¶ 13                                  A. The Applicable Law
¶ 14 Section 115-4.1(e) of the Code of Criminal Procedure of 1963 provides as follows:

"When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he *must* be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was

both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing *must* be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." (Emphases added.) 725 ILCS 5/115-4.1(e) (West 2016).

¶ 15 A defendant who files a motion for a new trial or a new sentencing hearing under section 115-4.1(e) *must* be granted an evidentiary hearing in which the defendant will be given the opportunity to establish that his or her failure to appear in court was (1) without the defendant's fault and (2) due to circumstances beyond the defendant's control. *Id.*; *People v. Cobian*, 2012 IL App (1st) 980535, ¶ 21, 977 N.E.2d 247. This hearing is statutorily required, and a motion for a new sentencing hearing cannot be summarily disregarded. *People v. Brown*, 121 Ill. App. 3d 776, 779, 459 N.E.2d 1175, 1177 (1984) (disagreed with on other grounds in *People v. Partee*, 125 Ill. 2d 24, 34-36, 530 N.E.2d 460, 465 (1988)). A reviewing court cannot affirm a trial court's dismissal of a motion for a good cause hearing unless an evidentiary hearing was conducted. *Cobian*, 2012 IL App (1st) 980535, ¶ 21.

¶ 16                                    B. This Case

¶ 17 In this case, defendant filed a *pro se* motion for a good cause hearing. 725 ILCS 5/115-4.1(e) (West 2016). The trial court summarily rejected the motion without conducting an evidentiary hearing. Accordingly, the trial court erred, and we vacate its order and remand with directions.

¶ 18                                  III. CONCLUSION

¶ 19 For the reasons stated, we vacate the trial court's order and remand for an evidentiary hearing to determine whether defendant's absence from sentencing was without her fault and due to circumstances beyond her control. 725 ILCS 5/115-4.1(e) (West 2016). If the court concludes that defendant's absence was without fault and due to circumstances beyond her control, then the court must conduct a new sentencing hearing.

¶ 20 Vacated and remanded with directions.