2019 IL App (1st) 162655-U

FIFTH DIVISION
Order filed: December 6, 2019

No. 1-16-2655

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 96 CR 28407 (01) |
| | ) | |
| | ) | |
| ISRAEL COBIAN, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1   *Held*:  As the trial court's record fails to show that the defendant's postconviction counsel complied with the requirements of Illinois Supreme Court Rule 351(c), we vacated the dismissal of the defendant's postconviction petition and remanded the matter to the circuit court for further proceedings. The defendant and the State agreed that the mittimus should be corrected to reflect a single conviction and sentence for first degree murder. Consequently, we ordered the mittimus corrected accordingly.

¶ 2    The defendant, Israel Cobian, appeals from an order of the circuit court dismissing his postconviction petition at the second stage of postconviction proceedings. He argues that his petition made a substantial showing that the attorney representing him on direct appeal rendered ineffective assistance and, therefore, his petition should have advanced for a third-stage evidentiary hearing. The defendant also argues that his postconviction counsel failed to provide a reasonable level of assistance by both failing to demonstrate compliance with the requirements of Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) and failing to fulfill the duties required by that rule. Finally, the defendant argues that the mittimus should be corrected to reflect a single conviction and sentence for first degree murder. For the reasons which follow, we vacate the circuit court's order dismissing the defendant's postconviction petition, remand this cause for further proceedings, and order the mittimus corrected.

¶ 3    In 1996, the defendant was charged, along with three other individuals—Angel Ramos, Luis Martinez, and Danny Portalatin—with first degree murder for the shooting death of Juan Guajardo. Although the defendant made several pre-trial court appearances, he failed to appear at the time of trial. In December 1997, the defendant, *in absentia,* and Martinez were tried simultaneously before separate juries. Ramos pled guilty and testified as a witness for the State. Judge Themis N. Karnezis presided over the trial. The defendant was found guilty of first degree murder and sentenced to 50 years' imprisonment.

¶ 4    After being taken into custody, the defendant appeared before the circuit court on August 10, 2004, and was held on a no-bond warrant. On September 19, 2005, counsel for the defendant appeared and filed a motion for a new trial pursuant to section 115-4.1(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-4.1(e) (West 2004)), alleging that the defendant was never admonished that his failure to appear at trial could result in his being tried *in absentia.* Judge

James B. Linn denied the defendant's motion for a new trial and ordered a new pre-sentence investigation. Thereafter, Judge Linn vacated the defendant's 50-year sentence and conducted a new sentencing hearing. Following that hearing, Judge Linn sentenced the defendant to 48 years' imprisonment.

¶ 5    The defendant appealed his conviction and subsequent sentence, arguing the following: (1) the trial court erred in trying him *in absentia* without proper admonishments; (2) the trial court failed to inquire into a possible conflict between him and his counsel; and (3) his counsel rendered ineffective assistance by failing to move for a new trial on the basis that his absence from trial was not his fault. This court rejected the defendant's first two arguments and affirmed his conviction, but vacated the circuit court's denial of the defendant's motion for a new trial and remanded the matter to the circuit court with instructions to conduct an evidentiary hearing to determine whether the defendant's absence from trial was the result of circumstances beyond his control. *People v. Cobian*, 2012 IL App (1st) 980535, ¶¶ 1, 22.

¶ 6    On January 10, 2013, while his case was before the circuit court on remand, the defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)), raising numerous claims of error and grounds for postconviction relief. The defendant's petition advanced to a second-stage postconviction proceeding, and on March 11, 2014, counsel was appointed for the defendant.

¶ 7    On April 23, 2015, postconviction counsel filed his Illinois Supreme Court Rule 651(c) certificate stating, in relevant part, as follows:

"1.  I have consulted with petitioner, Israel Cobian, by letter to ascertain his contentions of deprivation of constitutional rights.

2. I have examined the Report of proceedings of the trial concerning Indictment Number 96CR28407-01 which trial was heard by the Honorable James Linn.

3. I have examined petitioners *pro se* Petition for Post-Conviction Relief and as it adequately presents his claim of deprivation of constitutional rights, have deemed it unnecessary to amend or supplemental [sic] his pro se petition."

¶ 8 On July 14, 2016, the State filed a motion to dismiss the defendant's petition, arguing that the defendant's claims lacked merit and evidentiary support; or, even if they had merit, appellate counsel was not ineffective for having failed to raise the claims on direct appeal as the issues had not been preserved. Postconviction counsel did not file a response to the State's motion. On September 15, 2016, the circuit court heard arguments on the State's motion to dismiss the defendant's postconviction petition, following which the court granted the motion. This appeal followed.

¶ 9 As we deem it dispositive of this appeal, we first address the defendant's argument that his postconviction counsel failed to demonstrate compliance with the requirements of Illinois Supreme Court Rule 651(c). The defendant asserts, *inter alia,* that the certificate filed by his postconviction counsel was deficient as it only states that he examined "the Report of proceedings of the trial" and does not state that he examined the "record of the proceedings at trial" as required by Rule 651(c). The State argues that the defendant's argument is based on speculation that counsel chose not to examine any portion of the record other than the report of proceedings. According to the State, "[p]ost-conviction counsel established compliance with Rule 651(c) by filing a certificate representing that he has fulfilled his duties" and that "[c]ounsel's filing of a certification creates a rebuttable presumption that counsel provided the required representation during second-stage proceedings."

¶ 10    The Act "provides a method by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Under the Act, petitioners are entitled to "reasonable" assistance of counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure that a petitioner receives reasonable assistance of counsel, Rule 651(c) requires that the record in the trial court contain a showing, which may be made by the certificate of the petitioner's attorney, that the attorney: (1) "has consulted with the petitioner *** to ascertain his or her contentions of deprivation of constitutional rights," (2) "has examined *the record of the proceedings at the trial*," and (3) "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioners contentions." (Emphasis added) Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); see also *Perkins*, 229 Ill. 2d at 42. Compliance with Rule 651(c) is mandatory. *People v. Lander*, 215 Ill.2d 577, 584 (2005).

¶ 11    The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel complied with the requirements of the rule and provided reasonable assistance. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19; *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. We do not believe, however, that the filing of a certificate which neglects to address one of the three certificate requirements set forth in Rule 651(c) gives rise to a presumption that counsel complied with the unaddressed requirement. Although compliance with Rule 651(c) is mandatory, "failure to file a certificate showing compliance with Rule 651(c) is harmless error if the record demonstrates that counsel adequately fulfilled the required duties." *Lander*, 215 Ill. 2d at 584.

¶ 12    The issue before us is whether postconviction counsel's certification in this case satisfies the second required showing set forth in Rule 651(c); namely, that he examined the record of the

proceedings at the trial. And if it does not, whether the record demonstrates that he adequately fulfilled the required duties set forth in the rule. Our review is *de novo. People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

¶ 13 The "record of proceedings at trial" consists of three parts: the common law record, the report of proceedings, and the trial exhibits. *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 18; *People v. Appelgren*, 377 Ill. App. 3d 137, 140 (2007). Counsel's certificate in this case states only that he examined the "Report of proceedings of the trial." The certificate is silent as to whether he examined either the common law record or the trial exhibits. We conclude, therefore, that counsel's certificate does not give rise to a presumption that he complied with the requirement of Rule 651(c) that he examined the record of the proceedings at the trial. Further, we have examined the record in this case and find that it fails to demonstrate that defendant's postconviction counsel examined either the common law record or trial exhibits.

¶ 14 As neither counsel's certificate, nor the record, demonstrate that counsel fulfilled the duties mandated by Rule 651(c), we vacate the circuit court's order granting the State's motion to dismiss the defendant's postconviction petition and remand the matter back to the circuit court with instructions to appoint counsel for the defendant and, following counsel's compliance with Rule 651, conduct a second-stage proceeding pursuant to the Act on the defendant's postconviction petition and any amendments thereto which counsel may file. In so doing, we express no opinion as to the merits of the defendant's petition.

¶ 15 The defendant also argues, and the State concedes, that the mittimus should be corrected to reflect a single conviction and sentence for first degree murder. We agree and order the clerk of the circuit court to correct the mittimus accordingly.

¶ 16 Vacated and remanded; mittimus ordered corrected.