2022 IL App (2d) 200292-U
No. 2-20-0292
Order filed February 17, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Lake County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-CF-2791 |
| | ) | |
| EDWARD L. JOHNSON, | ) | Honorable |
| | ) | Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Zenoff and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant forfeited his argument, raised for the first time on appeal from the summary dismissal of his postconviction petition, that defense counsel was ineffective for failing to ask the trial court for a hearing on whether defendant's absence at trial was willful.  Also, there was no reasonable probability that the trial court would have found that defendant's absence was not willful.

¶ 2    Following a jury trial that he did not attend, defendant, Edward L. Johnson, was found guilty of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2014)) and of unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)).  He filed a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)).  The trial court summarily dismissed

the petition, and defendant appealed. He contends that he stated the gist of a constitutional claim that his counsel was ineffective for failing to request a hearing to determine whether his absence from trial was willful. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    The State charged defendant following a traffic stop where police officers found a gun and ammunition in his car. At the arraignment, the trial court admonished defendant that, if he did not appear for trial, he could be tried and sentenced in his absence.

¶ 5    On March 21, 2016, defendant requested a conference per Illinois Supreme Court Rule 402 (eff. July 1, 2012). He rejected the State's plea-bargain offer and requested a jury trial. The court set a tentative trial date of March 28, 2016, and again informed defendant that, if he did not appear, he could be tried and sentenced *in absentia*.

¶ 6    On March 28, 2016, defendant appeared for trial but requested a continuance to May 9, 2016, which was granted. The court called the case on that date, and defendant did not appear. Defense counsel, noting that defendant had previously attended all court proceedings, requested a continuance. The court paused the case briefly while counsel unsuccessfully attempted to locate his client.

¶ 7    The court noted that it had informed defendant multiple times of the consequences of not appearing for trial. The court cited numerous cases permitting trial *in absentia* under similar circumstances. The court found nothing in the record suggesting "that there is something beyond the [d]efendant's desire not to be here that causes him not to be here." Finding that defendant was willfully absent, the court proceeded with a trial *in absentia*.

¶ 8     A jury was selected after the court disposed of some pending motions *in limine*. Following a recess, defendant still had not arrived. The court released the jurors, telling them to return at 9 a.m. the next day—May 10, 2016—to be sworn. The court continued the case to May 10, 2016.

¶ 9     On May 10, 2016, defense counsel suggested that perhaps defendant was in Milwaukee, where his daughter reportedly had been involved in a serious car accident. The court declined to grant a continuance based on counsel's "third hand information" and proceeded with the trial. The jury found defendant guilty of being an armed habitual criminal and unlawful possession of a weapon by a felon.

¶ 10    On July 7, 2016, with defendant still absent, the court denied defense counsel's motion for a new trial. The case proceeded to sentencing. Defense counsel argued in mitigation that defendant's offenses were nonviolent and that his failure to appear at trial was due to his feeling of hopelessness. The court sentenced defendant to 17 years in prison. The court cited defendant's absence from trial as one reason for the severity of the sentence, though the court agreed with counsel's theory of why defendant was absent. Counsel stated that he intended to file a motion to reconsider sentence. The court suggested to counsel that, if defendant contacted him, he should inform defendant that his appearance would "probably help [the] motion to reconsider sentence." On August 2, 2016, counsel filed a motion to reconsider the sentence. Defendant was still absent. The trial court denied the motion.

¶ 11    Counsel filed a notice of appeal. While the appeal was pending, defendant was taken into custody. He appeared in court represented by the public defender. On October 6 2017, he was remanded to the Department of Corrections to begin serving his sentence.

¶ 12    On direct appeal, defendant argued that the trial court did not comply with the statutory requirements for a trial *in absentia*, because the State did not request a trial *in absentia* or present

evidence that defendant's absence was willful. We noted that the relevant statute provides that, when a defendant fails to appear for trial, " 'at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial,' " the court may proceed with a trial *in absentia*. *People v. Johnson*, 2018 IL App (2d) 160674, ¶ 11 (quoting 725 ILCS 5/115-4.1(a) (West 2014)). We further observed, however, that to establish a *prima facie* case of willful absence, the State must show only that the defendant (1) was advised of the trial date, (2) was advised that the failure to appear could result in being tried *in absentia*, and (3) did not appear. *Id.* ¶ 12. We held that, where these elements are present, the State need not expressly request a trial *in absentia* or formally present evidence of willful absence. Rather, if the State does not request a continuance, it will be deemed to have acquiesced in a trial *in absentia*. *Id.* ¶¶ 13-14. We thus held that, in this case, the trial court complied with the procedure for a trial *in absentia*. *Id.* ¶ 15.

¶ 13 Defendant filed a *pro se* postconviction petition. His only argument was that, if a defendant is absent when the court sets a trial date, the State must provide certified-mail notice before the defendant can be tried *in absentia*. He asserted that, when the trial resumed on May 10, 2016, this was a "new trial date" yet the State failed to notify him. The trial court summarily dismissed the petition, and defendant appeals.

¶ 14                                    II. ANALYSIS

¶ 15 On appeal, defendant contends that the public defender, who represented him after he was taken into custody in September 2017, was ineffective for failing to request a hearing to prove that defendant's absence from trial was not willful. Citing *People v. Cobian*, 2012 IL App (1st) 980535, he contends that such a hearing is mandatory when requested and, therefore, counsel was ineffective for failing to make such a request.

¶ 16    Section 115-4.1(e) of the Code of Criminal Procedure of 1963 provides as follows:

"When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control.  A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted."  725 ILCS 5/115-4.1(e) (West 2016).

¶ 17    In *Cobian*, the appellate court held that the defendant was not prejudiced by his counsel's failure to argue, during a hearing on the defendant's posttrial motion, that the defendant's absence at trial was not his fault.  *Cobian*, 2012 IL App (1st) 980535, ¶ 19.  The appellate court noted that, at the hearing, the defendant himself had a colloquy with the trial court in which the defendant claimed that he was absent because he feared for his life.  *Id.*  Nevertheless, the appellate court held that the defendant was statutorily entitled to a section 115-4.1(e) hearing on whether his absence at trial was willful.  *Id.* ¶ 21.  The court remanded for such a hearing.  *Id.* ¶ 22.

¶ 18    A defendant has the right to the effective assistance of counsel.  *People v. Veach*, 2017 IL 120649, ¶ 29.  "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant."  *People v. Domagala*, 2013 IL 113688, ¶ 36 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Specifically, "a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "  *Id.* (quoting *Strickland*, 466 U.S. at 694).  "A 'reasonable

probability' is defined as 'a probability sufficient to undermine confidence in the outcome.' " *People v. Simpson*, 2015 IL 116512, ¶ 35 (quoting *Strickland*, 466 U.S. at 694).

¶ 19     The Act provides a remedy to a criminal defendant whose constitutional rights were substantially violated in his or her original trial or sentencing hearing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). To survive dismissal, a postconviction petition need only present the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). Because it is a collateral proceeding, a postconviction proceeding allows inquiry only into issues that were not, and could not have been, adjudicated on direct appeal. *Pitsonbarger*, 205 Ill. 2d at 455-56. Thus, issues decided on direct appeal are barred by *res judicata*, and issues that could have been raised, but were not, are forfeited. *Id.* at 456. We review *de novo* the court's summary dismissal of a postconviction petition. *Edwards*, 197 Ill. 2d at 247.

¶ 20     As the State points out, the issue defendant argues on appeal is different from the one raised in his petition. A postconviction petitioner may not raise for the first time on appeal an issue not raised in his petition. *People v. Jones*, 213 Ill. 2d 498, 504-05 (2004). Because defendant's petition did not contend that counsel was ineffective for failing to request a section 115-4.1(e) hearing, he may not do so here.

¶ 21     Even if we overlooked the forfeiture, defendant's petition contains no facts suggesting that he had a valid reason for missing court. Based on the circumstances known at the time, the trial court had already found (on May 9, 2016) that defendant was willfully absent. Without any facts showing that defendant's absence was involuntary, there is no reasonable probability that the court's ruling would have been different had counsel requested a hearing. Thus, such a request would have been futile. See *People v. Gallardo*, 112 Ill. App. 3d 764, 769 (1983) (effective

assistance means competent, not perfect, representation; therefore, we will not require counsel to perform a futile act).

¶ 22    Defendant also perfunctorily argues the merits of the issue raised in his petition: that the resumption of the trial on May 10, 2016, required the State to provide him certified-mail notice. Defendant cites *People v. Ramirez*, 214 Ill. 2d 176 (2005), for the proposition that the provisions of section 115-4.1 must be complied with strictly.

¶ 23    As noted, we held on direct appeal that the trial court complied with the procedures for holding a trial *in absentia*. Defendant cited *Ramirez* there, too, but we distinguished it. We noted that *Ramirez* "considered whether [section 115-4.1's] certified-mailing procedure is mandatory when the defendant was not present in open court when the trial date was set." *Johnson*, 2018 IL App (2d) 160674, ¶ 17. We noted that "defendant was present when the trial date was set, and the certified-mailing procedure is not at issue." *Id.* Thus, we implicitly rejected any contention that May 10, 2016, was a "new" trial date of which the State owed defendant notice. But, even if defendant did not raise this claim in his first appeal, he could have. Issues that a defendant did raise, and issues he could have raised, on direct appeal are forfeited for postconviction review. *Pitsonbarger*, 205 Ill. 2d at 455. Significantly, defendant does not argue that his direct-appeal counsel was ineffective for not raising the issue. Moreover, defendant cites no authority for the proposition that each continuance is a "new" trial date requiring the State to prove certified notice.

¶ 24                                  III. CONCLUSION

¶ 25    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 26    Affirmed.