THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LIBORIO DELGADO, Defendant-Appellant.

First District (2nd Division)   No. 82—2246

Opinion filed July 17, 1984.

Michael A. Unger, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jeanette Sublett, and Timothy Frenzer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE PERLIN delivered the opinion of the court:

Following a bench trial in December 1980 arising from a shooting outside a Chicago tavern, defendant Liborio Delgado was found guilty of attempted murder (Ill. Rev. Stat. 1981, ch. 38, pars. 9—1, 8—4), armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2), aggravated battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—4) and armed violence (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2). Defendant was present at his bench trial but failed to appear on December 30, 1980, the date set by the trial court for his sentencing hearing.

At the sentencing hearing, defense counsel and the prosecutor indicated that defendant had possibly returned to his native Mexico. The court then denied defendant's written post-trial motion and sentenced defendant to 10 years' imprisonment. At defense counsel's request, the court stayed the mittimus for 30 days to allow defendant to appear and move to vacate the sentence. On January 30, 1981, only the prosecutor appeared, and the court ordered the mittimus to issue.

Apparently in June 1982 defendant reappeared and was arrested. On July 14, 1982, a second attorney appeared on defendant's behalf and filed a "motion for new trial." It alleged that notwithstanding defendant's trial testimony that he was not present at the shooting, defendant had in fact shot the victim in self-defense after the victim had beaten defendant. The motion further stated that because defendant spoke Spanish only, he was unable to cooperate with his English-speaking trial counsel. It was further alleged that defendant was an illegal alien who was unaware of the consequences of his actions and was unable to contribute to his own defense; the victim had known of defendant's illegal status and had "preyed" upon defendant, knowing defendant would be reluctant to report the victim's actions to authorities. The motion further alleged that defendant was unaware that he could be sentenced *in absentia*, and that he had returned to Mexico "on an emergency basis and that after leaving the country was unable

to return sooner in that he was indigent.'' Based on this ''newly discovered evidence,'' the motion requested a new trial. Defendant's attorney also requested the trial court to stay the mittimus pending determination of this motion. The court stayed the mittimus and continued the case for 30 days.

On August 13, 1982, defendant's attorney filed a ''Motion to vacate judgment and correct errors of fact'' which was substantially the same as his July 14 motion. At the hearing on that date, the trial judge stated that he did not ''believe'' that ''as a matter of law'' he had jurisdiction to entertain the defendant's motions because they were filed more than 30 days after the imposition of defendant's sentence. The court thereupon granted defense counsel 30 days to research the issue, and continued the case to September 13, 1982.

On September 10, 1982, another new counsel appeared and was granted leave to file his appearance on defendant's behalf instanter for the ''sole purpose'' of filing a notice of appeal. On the same date counsel filed a notice of appeal from the sentence imposed on defendant on December 30, 1980, some 22 months earlier.

After the filing of the briefs herein, the parties on the court's own motion were instructed to file memoranda on the issue of the timeliness of the filing of defendant's notice of appeal. Therein defendant argues that both the July and August 1982 motions were timely and proper under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401 (formerly par. 72)) and section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1). The latter statute permits a trial and/or sentencing hearing to be held in a defendant's absence when such defendant wilfully fails to appear. The statute allows the defendant upon his return to move the court for a new trial or sentencing hearing if he can establish that his absence ''was both without his fault and due to circumstances beyond his control.'' Defendant contends that his appeal time commenced when the trial court ''denied'' these motions.

The State responds that defendant's July and August 1982 motions were not specifically filed pursuant to either of these statutes. Moreover, and in any event, the State asserts that the appeal must be dismissed as untimely because it was not filed within 30 days of the date of sentencing, nor within the discretionary six-month period after that date, citing *In re K.M.* (1979), 70 Ill. App. 3d 915, 389 N.E.2d 188, and 87 Ill. 2d R. 606(c).

■ We are compelled to agree with defendant and conclude that the motions are in the nature of motions under both section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—

1401) and section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1). They are in the nature of section 2—1401 motions in that they are based upon allegations of "newly discovered evidence" which was "of such character if it had been known to the Court the outcome of the litigation would have been different." They allege that defendant was "unaware of alternative defenses available to him" and that "the evidence to be presented became discovered after the trial and could not have been discovered before trial by the exercise of due diligence." Defendant also contends that "the time limit for filing this motion should be tolled as during defendant's absence *** he was under a disability ***." Such assertions are normally attendant to a section 2—1401 motion filed in a criminal case. See, *e.g., People v. Hammers* (1977), 48 Ill. App. 3d 1023, 363 N.E.2d 914.

Thus we conclude that defendant's motions were in fact filed pursuant to section 2—1401. Because the motions were filed within two years of the judgment being attacked, they were timely. *People v. Logan* (1977), 49 Ill. App. 3d 787, 364 N.E.2d 713, *aff'd* (1978), 72 Ill. 2d 358, 381 N.E.2d 264.

■ We also consider the motions to have been filed pursuant to section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1). As noted, this statute provides in part:

> "(e) When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. ***"

The motions in the instant case, and defendant's affidavit in support thereof, stated that defendant was unaware that he could be sentenced *in absentia*; that his absence was due to an "emergency," and that he was unable to return to this country because of his indigency. His attorney advised the trial court that Delgado, during his absence, had been for a time hospitalized. We also note the record does not indicate that the court advised defendant that should he fail to appear for trial, the trial could continue in his absence. See *People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152.

■ In our opinion, the two motions filed by defendant in July and August of 1982 were in fact timely filed motions under both section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401) and section 115—4.1 of the Code of Criminal Procedure

of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1). The confusion here can be traced to the failure of defense counsel to denote the statutory basis for his motions. While we do not believe it would be appropriate here to penalize defendant for his counsel's inadvertence, we do not condone such ineptness. Under the totality of the circumstances in this case, we believe fundamental fairness requires that this defendant be given his day in court.

■ Because the motions were rightly before the trial court, we hold that the court erred when it expressed the "belief" that it did not have jurisdiction to entertain them. We therefore must remand this case for proceedings on defendant's motions consistent with this opinion.

■ We now consider the status of defendant's appeal before us. As previously noted, the notice of appeal filed below purports to appeal some 22 months after entry of the order appealed from. Clearly, such notice of appeal was not timely filed. (*In re K.M.* (1979), 70 Ill. App. 3d 915, 389 N.E.2d 188; 87 Ill. 2d R. 606(c).) Because this notice was not timely, this court is without jurisdiction to consider this appeal. (*In re McCall* (1982), 108 Ill. App. 3d 164, 438 N.E.2d 1269.) While we must, therefore, dismiss this appeal, we observe that in *People v. Brown* (1984), 121 Ill. App. 3d 776, 459 N.E.2d 1175, the court held, in a similar situation, that there existed no final and appealable order *until* the trial court had ruled on the defendant's 115—4.1 motion:

> "The statute contemplates, as the State concedes, that a conviction and sentence for one tried *in absentia* is not final and appealable until the defendant has returned and a ruling is made on any claim that the absence was not wilful. In addition to the above quoted provision of subsection (e), subsection (g) states:
>
>> 'A defendant whose motion under paragraph (e) for a new trial or new sentencing hearing has been denied may file a notice of appeal therefrom. Such notice may also include a request for review of the judgment and sentence not vacated by the trial court.' (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(g).)

We agree that the first notice of appeal was premature in that the judgment of conviction and sentence of the defendant *in absentia* did not amount to a final and appealable order. This appears clear from the quoted subsections of the statute, and it is also consistent with the provisions of Supreme Court Rule 605 (87 Ill. 2d R. 605), which contemplates that the defendant

will be personally advised of his right to appeal, thus presupposing his presence." (121 Ill. App. 3d 776, 778.)

While we do not here reach this issue, we note that under the rationale of *Brown*, defendant could, following the trial court's determination of defendant's motion under section 115—4.1, have an opportunity for review of his trial. But see *People v. Stark* (1984), 121 Ill. App. 3d 787, 460 N.E.2d 47.

■ In sum, we hold that Delgado has filed timely post-trial motions under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401) and section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1), and we remand for further proceedings on those motions. We dismiss the appeal filed herein as untimely.

Appeal dismissed, cause remanded.

HARTMAN, P.J., and STAMOS, J., concur.