NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2009
Decided December 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2078

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-148-C-01 |
| JOHN H. MASON, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

John Mason sold an undercover police officer 6 grams of crack cocaine. He pleaded guilty to distributing crack, 21 U.S.C. § 841(a)(1), and was sentenced to 180 months' imprisonment. Mason appeals, but his appointed lawyers move to withdraw because they are unable to identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Mason opposes dismissal of his appeal. *See* CIR. R. 51(b). We confine our review to the potential issues outlined in counsel's facially adequate brief and Mason's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel inform us that Mason does not wish to challenge his guilty plea, so the lawyers properly refrain from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Instead, counsel's *Anders* submission and Mason's response identify potential defects in the sentence imposed. In the presentence investigation report, the probation

officer set a base offense level of 32 because the relevant conduct involved at least 150 grams of crack, *see* U.S.S.G. § 2D1.1(c)(4), and added 2 levels for possession of a firearm, *see id.* § 2D1.1(b)(1). Mason's status as a career offender yielded an identical level 34 because the statutory maximum for distributing 5 or more grams of crack is 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(iii); U.S.S.G. § 4B1.1(b). The probation officer subtracted 3 levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, for a total offense level of 31. A level 31, combined with the category VI criminal history that resulted from Mason's career-offender status, *see id.* § 4B1.1(b), produced a guidelines imprisonment range of 188 to 235 months. The district court agreed that Mason was a career offender but imposed a below-range sentence of 180 months' imprisonment.

Both defense counsel and Mason evaluate whether Mason could challenge his classification as a career offender. Mason's only argument is that his two prior convictions in Cook County, Illinois, do not qualify as controlled substance offenses. But this argument would be frivolous because his prior convictions are for the manufacture or delivery of a controlled substance, a Class 2 felony under 720 ILL. COMP. STAT. 570/401, and the manufacture or delivery of marijuana, a Class 3 felony under 720 ILL. COMP. STAT. 550/5, and both offenses were punishable by more than a year in prison. Thus, the convictions qualify as controlled substance offenses for career-offender purposes. *See* U.S.S.G. § 4B1.2(b); *United States v. Kelly*, 519 F.3d 355, 365 (7th Cir. 2008).

Counsel and Mason also consider whether Mason could argue that the probation officer overstated the drug quantity and misapplied the upward adjustment for possession of a firearm when calculating the offense level under U.S.S.G. § 2D1.1. But this contention would be frivolous because the district court relied on the career-offender guideline, not § 2D1.1. The career-offender guideline always trumps § 2D1.1 if a higher offense level results, so in this case it would make no difference whether the probation officer made a mistake in applying § 2D1.1. *See* U.S.S.G. § 4B1.1(b); *United States v. Clanton*, 538 F.3d 652, 660 (7th Cir. 2008); *United States v. Spence*, 450 F.3d 691, 695 (7th Cir. 2006).

Finally, counsel assess whether Mason could argue that 180 months' imprisonment is an unreasonable sentence. A below-guidelines sentence is presumptively reasonable, *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and counsel have not suggested any reason why that presumption would not hold true as to Mason.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.