NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued June 10, 2014
Decided June 16, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2248

| | |
|---|---|
| L. A. BAILEY,<br>    *Petitioner–Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No.11-cv-843-DRH |
| UNITED STATES OF AMERICA,<br>    *Respondent–Appellee*. | David R. Herndon,<br>    *Chief Judge*. |

**O R D E R**

L. A. Bailey pleaded guilty to distributing crack cocaine and was sentenced to 216 months' imprisonment. That sentence was based on the district court's finding that Bailey is a "career offender" as defined by U.S.S.G. § 4B1.1. After we dismissed Bailey's frivolous appeal, *United States v. Bailey*, 417 F. App'x 556 (7th Cir. 2011), Bailey moved to vacate his sentence, 28 U.S.C. § 2255, contending that his attorneys at sentencing rendered ineffective assistance by failing to challenge the use of his previous state conviction for unlawful delivery of crack cocaine to increase his sentence under § 4B1.1. The district court denied the motion and declined to issue a certificate of appealability. But we certified for appeal Bailey's challenge to his counsel's performance at sentencing. Represented by new counsel, Bailey presses the certified claim and argues, for the first time, that counsel failed to challenge the use of his conviction for residential burglary to enhance his sentence.

We conclude that Bailey waived his challenge to counsel's performance regarding his burglary conviction, but nonetheless, both convictions properly were used to sentence him as a career offender.

Bailey raised four issues in his § 2255 motion, but only one was certified for appeal: his claim that counsel failed at sentencing to argue that his previous Illinois conviction for unlawful delivery of crack cocaine is not a "controlled substance offense" under U.S.S.G. § 4B1.2(b). Bailey argued that he was not convicted under the statute governing unlawful delivery, 720 ILCS 407(b)(2), but was convicted for simple possession, which does not fall under § 4B1.2. He based his argument on a statement by the sentencing judge that Bailey was pleading guilty to "unlawful possession of a controlled substance," though the judge both before and after said that his plea was to unlawful delivery of a controlled substance. In his motion Bailey made no reference to the other conviction used to sentence him as a career offender—a 1994 charge of residential burglary. *See* 720 ILCS 5/19-3 (1991).

The district court denied the § 2255 motion. The court found that Bailey was charged with and pleaded guilty to unlawful delivery and, relying on *United States v. Mason*, 355 F. App'x 65 (7th Cir. 2009), concluded that the conviction properly was used to sentence him as a career offender. The court also declined to issue a certificate of appealability. This court, however, found that Bailey had "made a substantial showing of the denial of his right to the effective assistance of trial counsel at sentencing" and granted a certificate of appealability on only that issue.

The answer to that question lies in the familiar standard from *Strickland v. Washington*, 466 U.S. 668 (1984): whether counsel's performance fell below "an objective standard of reasonableness," and whether, as a result of counsel's unprofessional errors, there is a reasonable probability that the result of the proceedings would have been different. *See Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013).

Bailey first mounts the same challenge that he presented in the district court. Though he concedes that unlawful delivery of a controlled substance is a "controlled substance offense" under § 4B1.2, *see United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011), he argues that two "ambiguous" documents from his conviction make unclear whether he pleaded guilty to unlawful *delivery* or unlawful *possession*, which does not fall under § 4B1.2. Those two documents are (1) the transcript of his sentencing for this crime, in which the judge at one point says Bailey was pleading guilty to "unlawful possession of a controlled substance, a Class 1 felony, as charged in the indictment," and (2) the docket from that state case, which reads that Bailey was found guilty of "unlawful possession of a controlled

substance" under 720 ILCS 570/407(b)(2). Based on the ambiguous documents, Bailey concludes, trial counsel could have argued that his drug offense was not a "controlled substance offense" under § 4B1.2(a).

Bailey's argument is fatally flawed. He is correct that there are two suggestions in the state record that his conviction was for unlawful possession. But several other documents—the information, indictment, judgment and sentencing order on guilty plea, and statement of the state's attorney—read that he was charged with, and convicted of, unlawful delivery. The judgment from the criminal case does not name either offense but cites 720 ILCS 570/407(b)(2), the statute criminalizing manufacture or delivery of a controlled substance; the statute criminalizing possession is 720 ILCS 570/402(c). *See People v. Ortiz*, 971 N.E.2d 1159, 1160 (Ill. App. Ct. 2012) (distinguishing offenses and their statute counterparts). The judgment also lists Bailey's offense of conviction as a Class 1 felony: Unlawful delivery of cocaine is a Class 1 felony, *see* 720 ILCS 540/407(b)(2), but possession of cocaine is a Class 4 felony, *see* 720 ILCS 570/402(c).

The documents Bailey cites in support of his position also are problematic. First, in the line Bailey highlights, the judge says Bailey is pleading to "a Class 1 felony, *as charged in the indictment*" (emphasis added). The indictment charges unlawful delivery, a Class 1 felony, and not unlawful possession, which is *not* a Class 1 felony. Moreover, the judge's statement appears to be a slip of the tongue: Though in this one instance he refers to unlawful possession, earlier in the transcript he states that Bailey is pleading guilty to "unlawful delivery of a controlled substance." The judge again later identifies unlawful delivery as Bailey's offense, cites the statute for that crime, and recites the factual basis for delivery. ("[Y]ou did knowingly and unlawfully deliver less than one gram of a substance containing cocaine . . . an alleged violation of 720 Illinois Compiled Statutes 570/407(b)(2).") The State's Attorney also recited a factual basis describing unlawful delivery. ("[O]n September 10 of '04 Champaign police used a controlled source to purchase crack cocaine from the defendant. . . . The controlled source returned with .7 grams for what tested positive for cocaine . . . .") And though Bailey now says that the presence of a plea agreement makes it more likely that he pleaded guilty to Unlawful Possession, the transcript makes clear that in exchange for his plea, the State agreed to drop two different charges against him. ("As part of the agreement related causes 2004 CF 1958 and 2004 CM 1119 would be dismissed . . . .")

Bailey also points to a docket entry that says that he pleaded guilty to unlawful possession, but like the judgment it cites 720 ILCS 570/407(b)(2), the statute for unlawful delivery. And as the government notes, docket entries are made by clerks, who rely on

what the judge says. A docket entry is subordinate to a judgment, which in this case says delivery and is signed by a judge. *See First National Bank of Sullivan v. Bernius*, 468 N.E.2d 188, 192 (Ill. App. Ct. 1984).

Even if Bailey were correct that his trial counsel should have challenged his unlawful-delivery conviction, he does not argue that he was prejudiced by counsel's failure, as he must to meet the second element of ineffective assistance. *Strickland*, 466 U.S. at 694; *Gentry v. Sevier*, 597 F.3d 838, 851 (7th Cir. 2010). Moreover, Bailey himself never says that he actually was convicted of unlawful possession, just that it is possible. It is hard to imagine a reasonable probability that his sentencing would have been different when Bailey himself is unsure whether he was prejudiced.

Bailey's second ground for ineffective assistance relates to the other conviction used to sentence him as a career offender, for residential burglary. He concedes that residential burglary qualifies as a predicate crime, *see* U.S.S.G. § 4B1.2(a)(2), but argues that he was not actually convicted of that crime. He points to language in the statute for residential burglary that, he says, suggests he was convicted of generic burglary, which is not a "crime of violence" under § 4B1.2.

There are two problems with Bailey's argument. First, he waived this issue because in the district court he challenged his career-offender designation only with respect to his conviction for unlawful delivery. He did not challenge the use of his conviction for residential burglary. On appeal he acknowledges this shortfall but says that, because he was acting pro se in the district court, this court should construe his pleadings liberally and "assume" he made the argument. But Bailey's complaint says *nothing* about his residential-burglary conviction. Pro se pleadings are entitled to liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but we will not fabricate arguments for petitioners, *see Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993). Bailey's pleadings in the district court do not even hint at a challenge to the residential-burglary conviction.

Even if Bailey had preserved this issue, his argument lacks merit. He points to language from the Illinois statute regarding residential burglary, 720 ILCS 5/19-3 (2013), that reads: "This offense includes the offense of burglary as defined in Section 19-1," referring to 720 ILCS 5/19-1. Section 19-1 discusses generic burglary, which is not a predicate offense under § 4B1.1. *United States v. Hoults*, 240 F.3d 647, 650 (7th Cir. 2001). Thus, Bailey says, it is possible he was sentenced under the statute for residential burglary yet committed only generic burglary.

Bailey relies on the wrong statute. The appropriate statute used to determine if the offense is a "crime of violence" is the one under which he was convicted. He relies on language in the 2013 residential-burglary statute, but he was convicted in 1994. At that time the residential-burglary statute did not include the language quoted above. In 1994 the statute read, "A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." 720 ILCS 5/19-3 (1991). Also, in 1994 the statute for generic burglary specifically excluded residential burglary from its definition. *See* 720 ILCS 5/19-1 (1991). Without the language in the 2013 version of the statute, Bailey's argument falls apart.

Bailey gives no other arguable reason to doubt the accuracy of his burglary conviction and again remains silent on whether he actually was convicted of generic burglary, despite what the state documents say. *See United States v. Meherg*, 714 F.3d 457, 459 (7th Cir. 2013); *Black*, 636 F.3d at 897. Nor does he attach any documents from his burglary prosecution (and we could find none) to suggest that he did not plead guilty to residential burglary. Thus, both of Bailey's previous convictions properly were used to sentence him as a career offender, and counsel was not ineffective for not challenging the use of either conviction.

AFFIRMED.