# Illinois Official Reports

## Appellate Court

---

### *People v. Johnson*, 2019 IL App (4th) 170622

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KOREY L. JOHNSON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-17-0622 |
| Filed | February 11, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 15-CF-873; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd, John M. McCarthy, and Ryan R. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and David E. Mannchen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.<br>Justices Steigmann and Turner concurred in the judgment and opinion. |

**OPINION**

¶ 1        In October 2016, the trial court sentenced defendant, Korey L. Johnson, *in absentia*. In August 2017, following his arrest on unrelated charges, defendant filed a "Motion for Resentencing Consideration." The trial court dismissed the motion as an untimely motion to reconsider sentence. See 730 ILCS 5/5-4.5-50(d) (West 2016).

¶ 2        On appeal, defendant argues the trial court erred in denying his motion without first conducting an evidentiary hearing pursuant to section 115-4.1(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-4.1(e) (West 2016)). We agree.

## I. BACKGROUND

¶ 4        In June 2015, the State charged defendant by information with burglary (count I) (720 ILCS 5/19-1(a) (West 2014)) and theft with a prior residential burglary conviction (count II) (*id.* § 16-1(a)(1)(A)). In July 2015, defendant pleaded guilty to count II in exchange for a sentence of 24 months' probation.

¶ 5        In February 2016, the State filed a petition to revoke defendant's probation. At an August 2016 hearing, defendant stipulated to the allegations in the petition in exchange for the State's agreement to cap its sentencing recommendation at three years' imprisonment. The trial court set a sentencing hearing for October 5, 2016. Defendant failed to appear at the sentencing hearing, and the trial court (Judge Thomas J. Difanis) resentenced defendant *in absentia* to an extended term of six years' imprisonment. The court issued a warrant for defendant's arrest.

¶ 6        On May 3, 2017, defendant appeared in custody on unrelated charges. The judge presiding (Judge Brett N. Olmstead) advised defendant that, following his October 5, 2016, failure to appear for resentencing on his probation violation, the trial court sentenced defendant, *in absentia*, to six years' imprisonment.

¶ 7        On August 2, 2017, defendant filed a *pro se* motion titled "Motion for Resentencing Consideration." In the motion, defendant stated he was not present for sentencing on October 5, 2016, because he had been admitted to the hospital "awaiting *** oxygen." Defendant sought "resentencing consideration." The trial court found the motion untimely and declined to consider defendant's motion.

¶ 8        This appeal followed.

## II. ANALYSIS

¶ 10        On appeal, defendant argues that, upon reviewing his motion, the trial court was required by section 115-4.1(e) of the Code (725 ILCS 5/115-4.1(e) (West 2016)) to conduct a hearing to determine whether good cause existed for defendant's failure to appear for his October 5, 2016, sentencing hearing. The State contends the trial court was without jurisdiction to consider what it characterized as an untimely filed motion to reconsider sentence. We address each argument in turn.

¶ 11        Questions of jurisdiction are legal matters we review *de novo*. *People v. Marker*, 233 Ill. 2d 158, 162 (2009). Generally, in criminal cases, a trial court loses subject-matter jurisdiction of the case 30 days after it imposes the defendant's sentence. *People v. Flaugher*, 396 Ill. App. 3d 673, 680 (2009). However, collateral attacks on final criminal judgments are permitted under

several statutes, including section 115-4.1(e) of the Code. See *People v. Partee*, 125 Ill. 2d 24, 35-36 (1988). Section 115-4.1(e) provides:

> "When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." 725 ILCS 5/115-4.1(e) (West 2016).

Unlike other statutory provisions providing for collateral attacks of final judgments (see *id.* § 122-1; 735 ILCS 5/2-1401(a)-(c) (West 2016)), section 115-4.1(e) sets forth neither how a defendant should request the hearing provided by the section nor the time frame for making such a request.

¶ 12   "[A] motion's content determines its character, not the title or label asserted by the movant." *People v. Smith*, 371 Ill. App. 3d 817, 821 (2007). Here, defendant filed a "Motion for Resentencing Consideration." The content of defendant's motion clearly indicated it was a section 115-4.1(e) motion and not an untimely motion to reconsider sentence. In defendant's motion, he stated he "was not present for sentencing due to the fact [he] was admitted to the hospital" at the time of his October 2016 sentencing hearing. Defendant sought "resentencing consideration" by establishing "his failure to appear in court was both without his fault and due to circumstances beyond his control." 725 ILCS 5/115-4.1(e) (West 2016). Thus, defendant's motion invoked section 115-4.1(e).

¶ 13   We find support for this conclusion in *People v. Delgado*, 126 Ill. App. 3d 239 (1984). In *Delgado*, the defendant failed to appear for his sentencing hearing. *Id.* at 240. Approximately 18 months later, defendant "reappeared and was arrested." *Id.* Defendant filed two motions, a " 'motion for a new trial' " and a " '[m]otion to vacate judgment and correct errors of fact.' " *Id.* at 240-41. The trial court believed it was without jurisdiction to consider the motions as a matter of law because they were filed more than 30 days after the imposition of the defendant's sentence. *Id.* at 241. The appellate court disagreed, noting the confusion derived from defense counsel's failure to denote the statutory basis for his motions, but, nonetheless, concluded they were section 115-4.1(e) motions and "fundamental fairness" required the defendant "be given his day in court." *Id.* at 242-43.

¶ 14   The State cites our supreme court's decision in *People v. Stoffel*, 239 Ill. 2d 314, 324 (2010), for the proposition that we are unable to review the trial court's characterization of defendant's pleading as a motion to reconsider sentence. However, *Stoffel* is inapplicable to the circumstances here. In *Stoffel*, the supreme court held, in light of section 122-1(d) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(d) (West 2006)), "a trial court's decision *not* to recharacterize a defendant's *pro se* pleading as a postconviction petition may not be reviewed for error." (Emphasis in original.) *Stoffel*, 239 Ill. 2d at 324. Paragraph (d) of section 122-1 of the Act requires a person seeking relief under that section to *specify in the petition or its heading* that it is filed pursuant to section 122-1, and a trial court is not required to treat an improperly labeled pleading as a postconviction petition. (Emphasis added.) 725 ILCS 5/122-1(d) (West 2006). Thus, the court reasoned, "[i]t cannot be error for a trial court to fail to do something it is not required to do." *Stoffel*, 239 Ill. 2d at 324.

¶ 15 Here, defendant's motion was brought pursuant to section 115-4.1 of the Code, not section 122-1 of the Act. Unlike section 122-1 of the Act, section 115-4.1 of the Code does not require a defendant specify in the petition or its heading that it is filed pursuant to section 115-4.1. See 725 ILCS 5/115-4.1 (West 2016); see also *People v. Burlington*, 2018 IL App (4th) 150642, ¶ 32 ("[C]ourts cannot read words into the statute that are not there.").

¶ 16 Therefore, because the relief sought was apparent on the motion's face and there were no labeling requirements with which defendant failed to comply, we conclude defendant's motion was properly before the trial court and fundamental fairness requires defendant be given the opportunity to establish "his failure to appear in court was both without his fault and due to circumstances beyond his control." 725 ILCS 5/115-4.1(e) (West 2016). On remand, we direct the trial court to conduct an evidentiary hearing on defendant's motion. See *People v. Pettigrew*, 2018 IL App (4th) 170808, ¶ 15 ("A defendant who files a motion for a new trial or a new sentencing hearing under section 115-4.1(e) *must* be granted an evidentiary hearing in which the defendant will be given the opportunity to establish that his or her failure to appear in court was (1) without the defendant's fault and (2) due to circumstances beyond the defendant's control." (Emphasis in original.)).

¶ 17                                    III. CONCLUSION

¶ 18 For the reasons stated, we vacate the trial court's order and remand for an evidentiary hearing to determine whether defendant's absence from sentencing was without his fault and due to circumstances beyond his control. 725 ILCS 5/115-4.1(e) (West 2016). If the court concludes that defendant's absence was without his fault and due to circumstances beyond his control, then the court must conduct a new sentencing hearing.

¶ 19 Vacated and remanded with directions.