NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180697-U

NO. 4-18-0697

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 1, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ARETHA L. PETTIGREW, | ) | No. 01CF1575 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court affirmed the trial court's sentence because the sentence
was not excessive.

¶ 2         In October 2002, Aretha L. Pettigrew, defendant, was sentenced to a term of six

years in prison after pleading guilty to unlawful possession of a controlled substance. 720 ILCS

570/402(c) (West 2000). Defendant failed to appear at the sentencing hearing. In September

2018, defendant *pro se* filed a motion for a new sentencing hearing which the trial court denied

without holding an evidentiary hearing. This court vacated the trial court's order and remanded

for an evidentiary hearing to determine whether defendant's failure to appear was without her

fault and due to circumstances beyond her control. *People v. Pettigrew*, 2018 IL App (4th)

170808, ¶ 19, 109 N.E.3d 939. On remand, the trial court held an evidentiary hearing and denied

defendant's request for a new sentencing hearing.

¶ 3    Defendant appeals, claiming the trial court abused its discretion when it sentenced her to six years in prison because (1) the court demonstrated a predisposition against drug abusers, (2) the court erroneously concluded no statutory mitigating factors applied, (3) the sentence was disproportionate to the crime, and (4) the court neglected to consider defendant's rehabilitative potential. We disagree and affirm the court's judgment.

¶ 4                                I. BACKGROUND

¶ 5    In September 2001, the State charged defendant with unlawful delivery of a controlled substance, specifically 1 gram or more but less than 15 grams of cocaine. 720 ILCS 570/401(c)(2) (West 2000). That offense was a class one felony punishable by 4 to 15 years in prison and a fine of up to $250,000. *Id.* § 401(c); 730 ILCS 5/5-8-1(a)(4) (West 2000). The State later offered to allow defendant to plead guilty to a lesser charge in exchange for a sentence of 24 months of probation.

¶ 6    In February 2002, defendant accepted the offer and pleaded guilty to unlawful possession of a controlled substance. 720 ILCS 570/402(c) (West 2000). That offense was a Class 4 felony punishable by one to three years in prison and a possible fine of up to $25,000. *Id.*; 730 ILCS 5/5-8-1(a)(7) (West 2000). Unlawful possession of a controlled substance was a probationable offense. See 730 ILCS 5/5-5-3(b)(1) (West 2000). But defendant was eligible for an extended term sentence of up to six years in prison. *Id.* § 5-8-2(a)(6) (West 2000).

¶ 7    In August 2002, the State filed a petition to revoke defendant's probation after defendant violated several conditions of probation. Specifically, defendant failed to (1) report to the Court Services Department on two occasions, (2) pay court costs, a fine, and a mandatory assessment, (3) obtain a substance abuse evaluation, and (4) pay the monthly probation service fee. In September 2002, defendant stipulated to the allegations in the State's petition and in

exchange the State agreed not to seek a sentence in excess of three years in prison. The trial court accepted the State's proposed cap but admonished defendant that it would not abide by the cap if she failed to appear, noting the following on the sentencing report: "Admonished—no cap if she fails to appear."

¶ 8    A presentence investigation report (PSI) was filed on October 16, 2002. The PSI indicated defendant had numerous prior convictions including multiple convictions for theft and forgery and one conviction for aggravated battery of a peace officer. The PSI contained statements by defendant asserting that her mother was an alcoholic, her father had molested her, she used to reside with her grandmother, who had sold drugs, and her uncle had supplied her with alcohol at the age of nine. The PSI also indicated that defendant (1) had completed tenth grade while being incarcerated and desired to obtain her GED, (2) was enrolled in adult education courses, (3) had been employed at Bob Evans in April 2002 and at Cracker Barrel in August 2002 but "lack[ed] stability in employment," and (4) on several occasions she had checked herself into drug and alcohol rehabilitation programs but frequently relapsed.

¶ 9    On October 22, 2002, defendant failed to appear at the resentencing hearing. The trial court (1) noted defendant "was admonished that she had to appear and, if she didn't appear, there would be no cap and she could be sentenced and would be sentenced in her absence" and (2) conducted the hearing in her absence. Defendant's counsel requested a community-based sentence, arguing defendant's substance abuse problems, her history as a victim of childhood abuse, and a criminal record "void of any violent nature" were mitigating factors.

¶ 10    The trial court indicated that it reviewed the PSI and considered comments of counsel. The court observed that (1) defendant's pleading guilty was a non-statutory mitigating factor, (2) no statutory mitigating factors were present, and (3) defendant's prior criminal history

and the need to deter both defendant and others were statutory aggravating factors. The court also commented as follows:

> "This defendant's probation record is dismal to say the least. She remains an uneducated, unemployed junkie, and for all practical purposes will remain in that condition unless and until sometime she decides that she is too tired to continue to commit crimes. I am sure that at some point age will take over when she will slow down in her commission of criminal activity."

The court then sentenced defendant to six years in prison.

¶ 11 Later that month, the trial court issued a warrant for defendant's arrest. Defendant was arrested pursuant to the warrant in March 2017. Defendant *pro se* filed a motion for a new sentencing hearing pursuant to section 115-4.1(e) of the Code of Criminal Procedure (Code). 725 ILCS 5/115-4.1(e) (West 2016). The court entered an order denying defendant's motion without first conducting an evidentiary hearing and defendant appealed. This court vacated the trial court's order and remanded for an evidentiary hearing to determine whether defendant's failure to appear was without her fault and due to circumstances beyond her control. *Pettigrew*, 2018 IL App (4th) 170808, ¶ 19. On remand, the trial court held an evidentiary hearing and denied defendant's request for a new sentencing hearing.

¶ 12 This appeal followed.

¶ 13 II. ANALYSIS

¶ 14 Defendant appeals, claiming the trial court abused its discretion when it sentenced her to six years in prison because (1) the court demonstrated a predisposition against drug abusers, (2) the court erroneously concluded no statutory mitigating factors applied, (3) the sentence was disproportionate to the crime, and (4) the court neglected to consider defendant's

rehabilitative potential. We disagree and affirm the court's judgment.

¶ 15                    A. The Standard of Review and Applicable Law

¶ 16         A defendant appealing the denial of a motion for a new sentencing hearing under

section 115-4.1(e) may request review of both the denial of the motion and of the sentence. 725

ILCS 5/115-4.1(g) (West 2018).

¶ 17         When a trial court imposes a sentence within the statutory guidelines, the court of

review may reduce the sentence pursuant to Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1,

1967) only if the trial court abused its discretion. *People v. Halerewicz,* 2013 IL App (4th)

120388, ¶ 40, 2 N.E.3d 333. A court may not impose a sentence "greatly at variance with the

spirit and purpose of the law" (*People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629

(2000)), and penalties must (1) take into account the seriousness of the offense and (2) be

consistent with the goal of restoring the offender to useful citizenship. Ill. Const. 1970, art. I,

§ 11. A reviewing court gives deference to a trial court's sentencing decision because the trial

court is in a better position to examine the defendant's character, credibility, demeanor,

mentality, habits, and age. *Stacey*, 193 Ill. 2d at 209.

¶ 18         B.  The Trial Court Did Not Demonstrate an Improper Predisposition

¶ 19         Defendant cites *People v. Bolyard*, 61 Ill. 2d 583, 338 N.E.2d 168 (1975), and

*People v. Daly*, 2014 IL App (4th) 140624, 21 N.E.3d 810, to support her contention that the trial

court improperly imposed a sentence in accordance with a predisposition against drug abusers.

We disagree.

¶ 20                         1. Bolyard *and* Daly

¶ 21         In *Bolyard*, the trial court denied probation after the defendant was convicted of

indecent liberties with a child, affirmatively stating that it subscribed to a policy of always

denying probation for that type of offense. *Bolyard*, 61 Ill. 2d at 585. The Illinois Supreme Court concluded defendant was entitled to a new sentencing hearing, explaining that "the trial judge arbitrarily denied probation because defendant fell within the trial judge's category of disfavored offenders." *Id.* at 587.

¶ 22 In *Daly*, the trial court denied probation after the defendant was convicted of reckless homicide following an incident in which the ATV the defendant was driving overturned, killing a passenger, and the defendant had admitted to drinking earlier in the day. *Daly*, 2015 IL App (4th) 140624, ¶ 3. This court concluded the trial court abused its discretion, in part based on comments made by the trial court at sentencing that implied it would deny probation to any offender who "drinks and drives and kills someone" regardless of the specific facts of the case. *Id.* ¶ 36.

¶ 23 2. *Neither* Bolyard *Nor* Daly *Apply to This Case.*

¶ 24 Both *Bolyard* and *Daly* are inapposite. The trial court in this case did not demonstrate a policy of refusing to grant probation for drug abusers. To the contrary, the court initially sentenced defendant to a term of probation and imposed the maximum sentence only after defendant violated the terms of probation and failed to appear at the resentencing hearing. Viewing the court's sentence in light of the specific facts of this case reveals no improper predisposition.

¶ 25 C. The Statutory Mitigating Factors Defendant Cites Are Inapplicable

¶ 26 Defendant next contends the trial court abused its discretion by refusing to consider two statutory mitigating factors: (1) "[t]he defendant's criminal conduct neither caused nor threatened serious physical harm to another[,]" and (2) "[t]he defendant did not contemplate that h[er] criminal conduct would cause or threaten serious physical harm to another." 730 ILCS

- 6 -

5/5-5-3.1(a)(1), (2) (West 2000). Although we have some question whether the two statutory mitigating factors defendant cites in fact apply to this case, we need not definitively resolve the matter because even if they did, the trial court's failure to consider them did not amount to plain error because the evidence at sentencing was not closely balanced. For instance, we note again that after the defendant stipulated to the allegations in the State's petition to revoke her probation, she did not appear for her sentencing hearing after being specifically told by the court that it would not abide by the State's proposed cap on her sentence if she failed to appear. Further, the court also noted at the sentencing hearing that defendant's probation record "is dismal, to say the least."

¶ 27        D. The Trial Court Did Not Impose a Manifestly Disproportionate Sentence

¶ 28        Defendant next argues the trial court imposed a manifestly disproportionate sentence. She contends the court gave inadequate weight to her (1) lack of violent criminal history, (2) substance abuse issues, and (3) history of childhood abuse because the court did not mention these factors at sentencing. We disagree.

¶ 29        "A court is not required to expressly outline every factor it considers for sentencing," and on review, this court will "presume the [trial] court considered all mitigating factors on the record in the absence of explicit evidence to the contrary." *People v. Harris*, 2015 IL App (4th) 140696, ¶ 57, 32 N.E.3d 211. Here, the trial court indicated it had considered the PSI, and nothing in the record indicates that it ignored any potentially mitigating facts contained in the report. The court was not required to identify every—or indeed any—possibly relevant mitigating factor with specificity. It noted defendant's lengthy criminal history and also indicated that defendant's "dismal" probation record played a role in the sentencing decision. In the absence of evidence that the court completely disregarded potentially mitigating facts, we

conclude the court did not abuse its discretion.

¶ 30                          E. The Trial Court Did Not Refuse To Consider
                                    Defendant's Rehabilitative Potential

¶ 31          Last, defendant argues the trial court abused its discretion by failing to consider

her rehabilitative potential. Defendant contends that she (1) regularly sought treatment for her

drug dependence, (2) managed to be employed in two different months in 2002, and

(3) expressed a desire to attain education beyond the tenth-grade level. She claims the trial court

improperly disregarded these facts. We disagree.

¶ 32          The trial court did not abuse its discretion by failing to consider defendant's

rehabilitative potential. As we earlier noted, the court considered defendant's PSI, which

contained the facts defendant claims the court ignored. The court simply gave more weight to

defendant's frequent relapses, lengthy criminal history, and recent inability to follow the terms of

probation, as well as the need for both specific and general deterrence. The court's critical

language does not constitute an abuse of discretion.

¶ 33                                    III. CONCLUSION

¶ 34          The trial court did not abuse its discretion by sentencing defendant to six years in

prison.

¶ 35          Affirmed.